IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | **Bankruptcy No. 21-22419-CMB** |
| **GEORGE C. SNYDER,** | : | |
| | : | **Chapter 13** |
| Debtor. | : | |
| _____ | : | |
| | : | |
| **ALLEGHENY ESTATES LLC,** | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | **Related to Doc. Nos. 66 and 72** |
| | : | |
| **GEORGE C. SNYDER,** | : | |
| | : | |
| Respondent. | : | |
| | : | |
| _____ | : | |

### MEMORANDUM ORDER

Before the Court are two related motions, a *Motion for Order to Confirm No Stay* filed by Allegheny Estates, LLC (hereinafter "Allegheny Estates' Motion," Doc. No. 66) and a *Motion to Continue Automatic Stay Pending Appeal* filed by George C. Snyder ("Mr. Snyder's Motion," Doc. No. 72).[1] Allegheny Estates seeks an order confirming that no stay is in place following the dismissal of the above-captioned bankruptcy case so that it may proceed with the ejectment of Mr. Snyder from property located at 98 Arlene Drive, North Versailles, Allegheny County,

---

[1] The caption of this Memorandum Order reflects the caption of Allegheny Estates' Motion. Mr. Snyder's Motion does not include a caption identifying himself as movant or any respondents.

Pennsylvania (the "Property").[2] Unsurprisingly, Mr. Snyder opposes Allegheny Estates' Motion and seeks a stay as he proceeds with his appeal of the Order dismissing his case.

On November 8, 2021, Mr. Snyder filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code.[3] At the time of filing, Mr. Snyder identified himself as a squatter and indicated his home has been sold four or five times.[4] Several days later, Mr. Snyder filed a Complaint commencing an adversary proceeding against Allegheny Estates and another entity. *See* Adv. No. 21-2109. In the Complaint, Mr. Snyder contends to be the owner of the Property by way of adverse possession, asserts that the deeds obtained by the defendants are subject to his claim of ownership, and requests the Court declare that the Property belongs to him. Though it is clear Mr. Snyder commenced the bankruptcy case with the hope of retaining possession of the Property and avoiding ejectment, the case was dismissed about one month after it was filed.

Upon receipt of the petition, the Court issued a *Notice Regarding Deficient Filing* (Doc. No. 5) dated November 9, 2021, advising that the United States Trustee was deemed to have filed a motion to dismiss the bankruptcy case based upon certain identified deficiencies. Mr. Snyder was further advised that failure to correct the deficiencies by November 23, 2021, would result in dismissal of the case. Upon motion, Mr. Snyder was granted an extension to December 7, 2021, to comply and correct the deficiencies. *See* Doc. No. 16. Although some additional documents were filed on December 7, 2021, Mr. Snyder failed to cure all the deficiencies.[5] On December 14, 2021,

---

[2]     At times, the Property is identified as 98 Arlene *Avenue*.
[3]     Mr. Snyder commenced his case without counsel and is proceeding pro se.
[4]     *See* Official Form 101A, Doc. No. 1.
[5]     The remaining deficiencies are set forth in the *Notice Regarding Nonconforming Document* dated December 8, 2021 (Doc. No. 27).

the case was dismissed without prejudice due to the failure to file all required documents. *See* Doc. No. 29. Mr. Snyder appealed the order dismissing his case.[6]

On July 20, 2022, Allegheny Estates' Motion was filed with a number of exhibits in support. Within the motion, Allegheny Estates identifies itself as the titled owner of the Property and Mr. Snyder as a squatter. According to Allegheny Estates, the Property was formerly titled in the name of 98 Arlene Drive LLC (hereinafter, "the LLC"), purchased by Penn Pioneer Enterprises LLC at a tax sale in 2019, and subsequently sold to Allegheny Estates in the same year. Mr. Snyder is identified as the owner of the LLC, who refused to vacate the Property after the redemption period ended following the tax sale. By Order entered September 22, 2021, in the Court of Common Pleas of Allegheny County, possession of the Property was granted to Allegheny Estates, and Mr. Snyder was to be ejected. The ejectment was stayed by the filing of Mr. Snyder's bankruptcy case. Due to the dismissal of the bankruptcy case and Mr. Snyder's lack of an ownership interest in the Property, Allegheny Estates now seeks an order confirming the absence of the stay to proceed with the ejectment.

Notably, in Mr. Snyder's Opposition (Doc. No. 71), while he makes reference to the adversary proceeding, he does not contest the allegations regarding the title of the Property or the entry of the judgment in favor of Allegheny Estates for possession of the Property. Instead, Mr. Snyder contends that Allegheny Estates seeks to take advantage of the erroneous dismissal of his case while the appeal is pending. Mr. Snyder also filed his own motion seeking to continue the stay through the appellate process. The content of Mr. Snyder's Motion is substantially similar to

---

[6]      Said appeal is pending at Case No. 2:22-cv-00016-CB.

his Opposition to Allegheny Estates' Motion. Allegheny Estates filed a Response (Doc. No. 81) essentially restating its position and providing exhibits in support.[7]

Hearings on both matters were held on August 23, 2022. With respect to Allegheny Estates' Motion, the Court has little trouble concluding that the stay terminated upon dismissal of the case on December 14, 2021. As set forth in *In re Parker*, "enforcing a dismissal order as effectively dissolving the automatic stay upon its entry without question or exception avoids…chaos…and appropriately follows the plain language of 11 U.S.C. §§349(b) and 362(c)(2)(B)." 624 B.R. 222, 233 (Bankr. W.D.Pa. 2021). However, now the Court must consider whether a stay pending appeal should be imposed upon Mr. Snyder's request despite termination of the automatic stay upon dismissal of the case.

A court must consider and balance certain factors to determine if a stay pending appeal is appropriate:

> (1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*See In re Butko*¸ 20-21255-GLT, 2021 WL 510233, at *4 (Bankr.W.D.Pa. Feb. 10, 2021)(quoting *In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015)). The first two factors carry significant weight. *See Butko*, 2021 WL 510233 at *4. "Unless a movant can make a showing with respect to those factors, the court need not consider the final two or engage in a balancing of the equities."

---

[7]     In its Response, Allegheny Estates includes a request for damages for certain costs and attorney's fees asserting that the bankruptcy filing was frivolous and fraudulent. Pursuant to W.PA.LBR 9013-1(c), "[a]ny affirmative request for relief shall be brought by motion and may not be included in any response to a motion." For that reason alone, the request is denied. However, the Court also notes that Allegheny Estates failed to provide any authority for such a request or address a basis for this Court's post-dismissal jurisdiction. The matter was not argued at the August 23rd hearings.

*Id.* As a preliminary matter, the Court notes that Mr. Snyder did not specifically address any of the above-stated factors nor did he dispute the recitation of the underlying state court proceedings provided by counsel for Allegheny Estates at the August 23rd hearings. Mr. Snyder provided generally irrelevant information to the matters currently before the Court and simply indicated his desire to remain in bankruptcy to resolve matters. As Mr. Snyder is proceeding pro se, the Court has nonetheless considered the record to determine whether a stay pending appeal is appropriate.

As to potential success on the merits, dismissal of Mr. Snyder's case was consistent with the governing procedure set forth in W.PA.LBR 1017-2 and appropriate pursuant to 11 U.S.C. §1307(c)(9). A debtor is required to file the necessary documents to initiate the case in order to remain in bankruptcy and receive the benefits, including the protection of the automatic stay. Mr. Snyder was advised of the specific deficiencies in his initial filing by Notice dated November 9, 2021. By that same Notice, Mr. Snyder was advised of a deadline for curing those deficiencies, the consequence of dismissal for failure to comply, the ability to request a hearing, and the possibility for an extension upon an appropriately filed motion. In fact, Mr. Snyder did seek an extension of time, which was granted. Nonetheless, Mr. Snyder did not fully comply. He did not seek further extension, and he did not request a hearing. Based on the foregoing, the potential for success on the merits of the appeal appears to be slim.

As to the second factor, it appears that, absent a stay, Mr. Snyder is facing ejectment from the Property. Neither party addressed whether Mr. Snyder has any right to appeal or seek reconsideration of the judgment for possession. Therefore, the certainty and imminence of ejectment are unclear.

Nonetheless, *even if*, Mr. Snyder made a sufficient showing as to the first two factors, the last two factors would weigh heavily against him. Based on the record, there is substantial harm

to Allegheny Estates if this Court were to grant a stay pending appeal. Allegheny Estates represents that it has been paying property taxes and has been unable to remedy code violations while Mr. Snyder remains at the Property. Neither of these assertions were contested by Mr. Snyder. Notably, Allegheny Estates provided as an exhibit to its motion a copy of a judgment for possession of the Property. Accordingly, Mr. Snyder appears to have a mere possessory interest.[8] Under such circumstances, relief from the automatic stay is typically granted in a bankruptcy case. *See McDeavitt v. Winnecour*, No. 2:22-cv-18-NR, 2022 WL 3100854, at *2 (W.D.Pa. Aug. 24, 2022); *Parker*, 624 B.R. at 228. In other words, Mr. Snyder seeks to impose a stay pending appeal of the dismissal order where it appears that he would not have been entitled to the continued protection of the automatic stay with respect to the Property had the case not been dismissed at all.[9] The dismissal of the case is not due to any action by Allegheny Estates; rather, the dismissal was due to Mr. Snyder's own non-compliance. To grant a stay pending appeal in such circumstances rewards Mr. Snyder for his own non-compliance. The automatic stay in bankruptcy offers powerful protection to debtors; however, the public interest is harmed where such protection is abused. Further, debtors must promptly file the required documents to proceed in bankruptcy and should not be entitled to the benefit of a stay enabling them to hold creditors and parties in interest in abeyance without fulfilling their duties under the Code.

---

[8]    Although Mr. Snyder filed an adversary proceeding asserting ownership by adverse possession, such a claim appears dubious at best. Mr. Snyder did not contest that he was the owner of the LLC that owned the Property up until 2019. *See* Allegheny Estates' Motion at ¶¶6-8, Exhibits B and C. Therefore, it is difficult to imagine how Mr. Snyder's possession during that time could be considered hostile or adverse to the LLC as opposed to with the consent of the LLC. Further, it is unclear whether such claims were raised by Mr. Snyder in the state court action.

[9]    Further, entities seeking relief from the automatic stay during a case have a statutory right to a prompt hearing and determination. *See* 11 U.S.C. §362(e). Here, Mr. Snyder requests the imposition of a stay pending appeal for an undetermined amount of time where the conduct leading to the dismissal was his own non-compliance.

Although Mr. Snyder's Motion generally seeks the continuation of the automatic stay through the appellate process, he does not identify action by creditors, such as continuation of a lawsuit or collection proceedings, requiring imposition of a general stay pending appeal of the dismissal order. The request seems to be focused on the action of Allegheny Estates alone. Further, it is not clear that any other party in interest received notice of Mr. Snyder's Motion and the August 23rd hearing despite this Court's directive to serve all creditors. *See* Order dated August 9, 2022, Doc. No. 75.

Based on the foregoing and consideration of the parties' motions, the responses, the record of this case, and the arguments presented at the hearing held August 23, 2022, it is hereby **ORDERED, ADJUDGED, and DECREED** that:

1. The *Motion for Order to Confirm No Stay* (Doc. No. 66) filed by Allegheny Estates, LLC is **GRANTED**.

2. The *Motion to Continue Automatic Stay Pending Appeal* (Doc. No. 72) filed by George C. Snyder is **DENIED.**

3. The automatic stay terminated upon dismissal of the case, and a stay pending appeal has been denied. Therefore, no stay exists with respect to the property located at 98 Arlene Drive, North Versailles, Pennsylvania, and Allegheny Estates, LLC may pursue appropriate remedies, including ejectment, pursuant to applicable law.

Dated: <u>August 24, 2022</u>

_Carlota M. Böhm_ dmk
_____
Carlota M. Böhm
Chief United States Bankruptcy Judge

<u>**COPY MAILED TO**</u>:
George Snyder
98 Arlene Drive
North Versailles, PA 15137

7

FILED
8/24/22 1:54 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA